IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TIMOTHY BURCHAM                                                                              PLAINTIFF

v.                                                                                    No. 1:05CV227-M-A

SHERIFF RANDY TOLAR                                                                      DEFENDANT

**ORDER**

This matter comes before the court on the April 3, 2006, motion of defendant Sheriff Randy Tolar to set aside the March 29, 2006, Clerk's Entry of Default in this case. The defendant in the same motion argues that the instant case should be dismissed for failure to effect process upon the defendant within 120 day of the filing of the complaint. For the reasons set forth below, the court shall grant the motion to set aside entry of default, but deny the motion to dismiss.

**Entry of Default**

The defendant has argued persuasively that the service of process attempted by the United States Marshal's Service has not been effected. The Acknowledgment of Receipt of Summons and Complaint form required by Fed. R. Civ. P. 4(d) has not been signed and returned – only the Certified Mail receipt. As such, the Entry of Default against Sheriff Randy Tolar shall be set aside.

**Motion to Dismiss**

The defendant argues further that the plaintiff must effect service of process upon the defendant "within 120 days after the filing of the complaint" under FED. R. CIV. P. 4(m) – or the case must be dismissed. Were this case proceeding on the normal track, the defendant would be correct. This case is, however, proceeding on a special track for *pro se* prisoner cases, a track

which provides distinct advantages for each side involved. For a *pro se* prisoner plaintiff (and the defendants, for that matter), the case moves quickly to resolution compared to cases on the standard track – as well as having an initial hearing (a *Spears* hearing) to pare down some claims and clarify others. The defendants in such cases benefit because the court limits the scope of discovery in *pro se* prisoner cases – and requires a party to show good cause before permitting additional discovery. These are merely examples; there are other advantages to the parties – and to the court – in placing *pro se* prisoner cases on a separate track from other cases.

This court holds a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) in nearly every *pro se* prisoner case. At this hearing, the court can glean more information from the *pro se* plaintiff regarding his claims – and determine which legal claims have enough merit to proceed further. Only after the court has conducted a *Spears* hearing does an order issue directing the United States Marshal's Service to serve the defendants with process. The *Spears* hearings mentioned above are held by each United States Magistrate Judge and occur on a four-month rotation; as such, in many cases the process order does not issue until well after the 120-day deadline for service of process set forth in FED. R. CIV. P. 4(m). Thus, logically, this court generally does not use Rule 4(m) as a basis for dismissal of *pro se* prisoner complaints.

The defendant has directed the court's attention to *Pickens v. Powell*, 4:03CV427-P-D (N. D. Miss. 2005), a slip opinion in which the court invoked the 120-day deadline of Rule 4(m) to dismiss the *pro se* prisoner plaintiff's complaint. In *Pickens* the United States Marshal's Service had tried repeatedly to locate the defendant, and he simply could not be found. The court found that further attempts to locate the defendant would be futile and invoked Rule 4(m) as the vehicle to dismiss the defendant. In the instant case, however, it appears that the defendant has been located – but does not wish to waive personal service.

*Pro se* prisoner cases almost always approach or exceed the 120-day deadline of Rule 4(m) because the court has placed them on a special track where they receive additional scrutiny before the defendants are required to answer. The court cannot in good conscience permit a defendant to benefit from use of the 120-day deadline of Rule 4(m) – and the *pro se* prisoner case track. Instead, the court shall issue another process order directing the Marshal's Service to attempt personal service on the defendant.

In sum, the defendant's motion to set aside the entry of default in this case is hereby **GRANTED**, and his motion to dismiss the case under FED. R. CIV. P. 4(m) is **DENIED.**

**SO ORDERED,** this the 28th day of April, 2006.

                                          /s/ Michael P. Mills
                                         **UNITED STATES DISTRICT JUDGE**